# Stoy *v.* Dobson.

*Sale—Transfer of possession—Constructive delivery—Statute of frauds.*

A sale of property is not good against the creditors of the vendor unless possession is delivered by the vendor in accordance with the sale. When the subject of the sale is capable of an actual delivery, such delivery must accompany and follow the sale; but when the property is not capable of an actual delivery, a constructive delivery will be sufficient, and in such cases it is only necessary that the vendee assume the control of the property so as reasonably to indicate to all concerned the fact of the change of ownership.

When the vendor and vendee are members of the same family, and the property consists of chattels used in, or in connection with, their common home, the vendee is not bound to turn the vendor out of doors in order to separate him from the property; a constructive delivery is sufficient.

In the case at bar where a husband being indebted to his brother-in-law in good faith executed a bill of sale to the brother on account of the indebtedness, and the brother in good faith transfers the goods to his sister, the wife of the defendant, the question is for the jury on the credibility of the testimony of the witnesses and the bona fides of the transaction.

Argued Oct. 5, 1900. Appeal, No. 87, Oct. T., 1900, by defendants, in suit of Carrie B. Stoy against John Dobson et al., trading as John and James Dobson, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1898, No. 1078, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Sheriff's interpleader under the Act of May 26, 1897, P. L. 95, for household goods claimed by plaintiff.

It appears from the record and the evidence that the appellants on June 28, 1898, obtained a judgment against one John W. Stoy, and issued execution thereon, and had the sheriff make a levy at No. 3617 Spring Garden street, Philadelphia, where, with his wife and family, John W. Stoy lived. The sheriff received notice from Carrie B. Stoy, the wife of the defendant, that she was the owner of the household property levied upon. An interpleader, under the Act of May 26, 1897, P. L. 95, was framed, in which Carrie B. Stoy, the claimant, was plaintiff, and John and James Dobson, the execution creditors of her husband, were the defendants.

Mrs. Carrie B. Stoy, the claimant, testified that she was the wife of John W. Stoy against whom John and James Dodson had issued an execution, and that her husband was indebted to her brother, Joseph L. Babe. That her husband gave him the chattels and her brother in turn gave them to her. This transaction took place a short time before the summons was issued by the Messrs. Dobson against her husband, John W. Stoy.

Joseph L. Babe testified that he was the brother of Mrs. Stoy and that John W. Stoy was indebted to him for money loaned, and that he went to Stoy from time to time and insisted upon the payment of the debt. That finally he went to see Stoy and insisted that the latter should give something to show for the debt, so that his (Babe's) family could get it, the money due by Stoy being all Babe had. That Stoy gave him a bill of sale for the furniture, and that when this was done he handed the bill of sale to his sister, Mrs. Stoy, for her use, expecting at her death to get something out of it. Babe did not take possession of the property nor remove it from the Stoy residence.

The statement of claim filed by the Dobsons in their suit against John W. Stoy, shows that they were creditors of John

W. Stoy for a long time prior to this alleged transfer, and that part of the household goods claimed by Mrs. Stoy were the very carpets sold by the appellant to her husband.

The defendants offered no testimony.

Plaintiff submitted the following point:

[Under all the evidence the verdict should be for defendants. *Answer :* Refused.] [2]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1) in not submitting to the jury the question whether there was in fact such change of ownership and possession of the property in question as under the circumstances could reasonably be expected, taking into view the character and situation of the property and the relation of the parties with instructions to find a verdict for the defendants if their decision should be in the negative. (2) Refusal to give binding instructions for defendant.

*George Wentworth Carr,* for appellant.—The charge to the jury in this case expressly prevented them from considering whether all was done that could have been done to show the change of title, and limited them to the single question of the actual state of mind of the parties : McKibbin v. Martin, 64 Pa. 352; Evans v. Scott, 89 Pa. 136 ; Pressel v. Bice, 142 Pa. 263 ; McGuire v. James, 143 Pa. 521.

It was for the jury to find from the evidence whether the sale was in good faith or colorable, and whether the change of possession was all that could reasonably be expected of the vendor: Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398.

The argument, upon the first assignment of error, has been based upon the assumption that there was sufficient evidence of a change of possession to be submitted to a jury. But it is submitted that there was not such evidence and that the learned judge should have directed a verdict for the defendants in the interpleader.

Taking the view of the trial judge, however, and considering it as a case of sale, we find a case on all fours with the present in Steelwagen v. Jeffries, 44 Pa. 407.

Steelwagen v. Jeffries has been cited as late as 1896 with approval by Judge WILLARD in Weller v. Meeder, 2 Pa. Superior Ct. 488.

(1) There must be a delivery of the subject-matter, actual or constructive, and in the latter case it is " necessary that the vendee should assume the control of the subject so as reasonably to indicate to all concerned the fact of the change of ownership," and (2) that after delivery, the possession of the vendee " must be exclusive of the vendor, a concurrent possession will not do: " Evans v. Scott, 89 Pa. 136 ; Crawford v. Davis, 99 Pa. 576 ; McClure v. Forney, 107 Pa. 414.

It is not necessary to do more than refer to Hill v. Leibig Mfg. Co., 3 Pa. Superior Ct. 398, as its facts are analogous to those of McKibbin v. Martin and Crawford v. Davis, supra, and therefore distinguishable from this case.

The distinction contended for is directly illustrated by a very recent case, and one which, it is submitted, is of binding force here, namely, Lehr v. Brodbeck, 192 Pa. 535.

*Sidney L. Krauss,* with him *William A. Carr* and *W. Horace Hepburn,* for appellee.—Where personal property sold is not reasonably susceptible of actual delivery, a constructive delivery is sufficient, and it is not necessary that the vendee should do more than assume such control of it as to reasonably indicate the fact of ownership: Goddard v. Weil, 165 Pa. 419 ; Clarke v. Miner, 6 Kulp, 397 ; Huffman v. McIlvaine, 13 Pa. Superior Ct. 108 ; Skinner v. Kroh, 4 Penny. 204.

OPINION BY BEAVER, J., November 19, 1900 :

The principle of Huffman v. McIlvaine, 13 Pa. Superior Ct. 108, governs this case. In that case the property was transferred to the wife by her father; in this, by a brother. In that, there were stock and farming implements outside the house as to which the wife could give directions to employees ; in this, the property was entirely confined to the house. In that and in other cases of like tenor it was expressly held that the wife need not turn her husband out of doors, in order to assert her ownership, nor is it necessary, we take it, for her to placard the outside of her house, in order to indicate the change which has taken place in regard to the ownership of the goods within. In this case the goods were appraised. A bill of sale—if the testimony of the plaintiff is believed—was executed and transferred to the wife in the presence of witnesses. What more could be done to indicate the change of ownership?

The only question, therefore, which remained to be considered and decided was the bona fides of the transaction. Did the husband owe the brother? Did he in good faith sell the goods to the brother as a payment on account of that indebtedness? Did the brother in good faith transfer the property so acquired by him to his sister? These facts depended upon the testimony of witnesses as to which there was no contradiction. The only questions, therefore, for the jury were the credibility of the witnesses and the bona fides of the transaction. These were both submitted by the court in a charge which in its leaning, if any, was toward the defendant. The defendant's point for charge, that, under all the evidence, the verdict should be for the defendant, was properly declined and, as that is the only error assigned, the judgment is affirmed.